**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAMUEL MIKAIL,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:15-2437** |
| | : | **(JUDGE MANNION)** |
| **v.** | : | |
| **PAM MANAGEMENT, INC. and DRUMS FUEL STOP, INC.,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Pending before the court is the motion to dismiss of defendants, (Doc. 16), pursuant to Fed.R.Civ.P. 12(b)(7) and 19, for failure to join two necessary and indispensable parties to this matter. Based upon the court's review of the motion and related materials, defendants' motion under Rule 12(b)(7) and 19 will be **DENIED**.

## I.    PROCEDURAL BACKGROUND

Plaintiff, Samuel Mikail, is an adult individual residing in London, United Kingdom.[1] Defendant PAM Management, Inc. ("PAM") is a Pennsylvania

---

[1]The complaint does not indicate if Mikail is a citizen of the United States or the United Kingdom. Nor does it indicate if he is a dual citizen of both countries or a citizen of some third country. The court notes that if Mikail is a dual American-foreign national, only the American citizenship is considered for purposes of diversity jurisdiction. *See* Frett–Smith v. Vanterpool, 511 F.3d 396, 400 (3d Cir. 2008). As such, if Mikail is a dual American-foreign national or only an American citizen, complete diversity may be lacking.

corporation with an address of Hickory Run Travel Plaza, Interstate 80, Exit 274, White Haven, PA 18661. Defendant Drums Fuel Stop, Inc. ("Drums") is a Pennsylvania corporation with an address of Hickory Run Travel Plaza, Interstate 80, Exit 274, White Haven, PA 18661. PAM and Drums basically operated as a truck stop. Plaintiff filed this action on December 18, 2015, (Doc. 1), regarding the alleged assignment to him of two promissory notes and two stock purchase agreements involving PAM and Drums to satisfy debts owed to him. On February 2, 2016, both defendants jointly filed a motion to dismiss the complaint under Rules 12(b)(7) and 19 for failure to join necessary and indispensable parties. (Doc. 16). Defendants attached Affidavits to their motion. On February 16, 2016, defendants filed their brief in support of their motion. (Doc. 20). On February 26, 2016, plaintiff filed exhibits, (Doc. 22, Doc. 24), as well as Declarations, including his own, in opposition to defendants' motion, (Doc. 23, Doc. 26). Plaintiff also filed his brief in opposition to defendants' motion on the same day, (Doc. 25). Defendants did not file a reply brief. Thus, defendants' motion to dismiss is ripe for disposition.

## II.   ALLEGATIONS OF COMPLAINT[2]

As stated, plaintiff's complaint is based on the alleged assignment to him of two promissory notes and two stock purchase agreements. One assignment and note involves PAM and the other one involves Drums. The allegations pertaining to each transaction will be addressed separately.

### A. PAM Transaction

Plaintiff alleges that on January 1, 2009, the shareholders of PAM were Darshan K. Grewal ("Darshan"), Paramjit K. Grewal ("Paramjit") and Kathleen S. Shukla ("Shukla"). On this date, plaintiff alleges that PAM, through its president, Darshan, executed a stock purchase agreement with Shukla (the "PAM Agreement"). The PAM Agreement provided that in exchange for Shukla's shares of stock in PAM, Shukla was to receive five annual interest-only payments, and one payment of principal in the amount of $1,000,000 due on February 20, 2014. A copy of the PAM Agreement is attached to Darshan's Affidavit, (Doc. 16-2). Also on January 1, 2009, plaintiff alleges that PAM and Shukla executed a promissory note (the "PAM Note") in favor of Shukla. The PAM Note and PAM Agreement are collectively referred to as the "PAM Transaction Documents."

Plaintiff further alleges that the first annual interest-only payment of

---

[2]In considering a Rule 12(b)(7) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc., 669 F.Supp.2d 613, 618 (W.D.Pa. 2009) (citing Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 Fed.Appx. 803, 805 (3d Cir. 2003)).

$60,000 was to be made on February 20, 2010, and that all subsequent interest-only payments for $60,000 were to be made on the first day of February thereafter, for a total of $300,000 in interest over the life of the PAM Transaction Documents. As such, by February 20, 2014, plaintiff alleges that Shukla should have been paid a total of $1,300,000 for her shares of stock in PAM, which amount includes principal and interest.

On September 28, 2015, plaintiff alleges that Shukla assigned any and all right, title and interest she had in the PAM Transaction Documents to him in order to satisfy her debts to plaintiff. Plaintiff also alleges that on December 11, 2015, Shukla executed an Amended and Supplemental Assignment assigning her rights related to the PAM Transaction Documents to him. (Doc. 22-7, Doc. 22-10).

### B. Drums Transaction

Plaintiff alleges that on January 1, 2009, the shareholders of Drums were Darshan, Paramjit and Shukla. He alleges that Drums, through its president, Darshan, executed a stock purchase agreement with Shukla (the "Drums Agreement"), which provided that in exchange for Shukla's shares of stock in Drums, Shukla was to receive five annual interest-only payments, and one payment of principal on February 20, 2014, in the amount of $250,000. A copy of the Drums Agreement is attached to Shukla's Declaration, (Doc. 22-3).

Plaintiff also alleges that on January 1, 2009, Drums and Shukla

4

executed a promissory note (the "Drums Note") in favor of Shukla. (Doc. 22-4). The Drums Note and Drums Agreement are referred to as the "Drums Transaction Documents."[3] Plaintiff alleges that the first interest-only payment of $15,000 was due on February 20, 2010, and that all subsequent interest-only payments of $15,000 were to be made on the first day of February thereafter, for a total of $75,000 in interest over the life of the Drums Transaction Documents. Thus, in total plaintiff avers that by February 20, 2014, Shukla should have been paid a total of $325,000 for her shares of stock in Drums, including principal and interest.

On September 28, 2015, plaintiff alleges that Shukla assigned to him all of her rights, title and interest she had in the Drums Transaction Documents in order to satisfy her debts owed to plaintiff. He alleges that on December 11, 2015, Shukla executed an Amended and Supplemental Assignment to him regarding the Drums Transaction Documents. (Doc. 22-11).

Thus, plaintiff alleges that the right to payment under the Transaction Documents is his sole and exclusive property and that he is owed a total of $1,625,000 from defendants.

### C. APM Transaction

Also in January 2009, a third company known as APM, through its president, Pritam, executed a stock purchase agreement with Shukla (the

---

[3]The PAM Transaction Documents and the Drums Transaction Documents are collectively referred to as the "Transaction Documents."

"APM Agreement") and a promissory note (the "APM Promissory Note") . The APM Transaction Documents[4] provided that in exchange for Shukla's shares of stock in APM, Shukla was to receive five annual interest only payments, and one payment of principal on February 20, 2014, in the amount of $1,250,000. (Doc. 22-5, Doc. 22-6).

In early March 2015, Shukla received two wire transfers from an account associated with APM totaling $1,700,000 (the "March 2015 Payment"). In light of the commonality of ownership between PAM, Drums and APM, and since no writing accompanied the wire transfers, it was not clear as to which debt(s) the funds Shukla received were to be applied. Thus, it was decided that a percentage of the March 2015 Payment would be applied to each of the outstanding principal amounts due under the 2009 Agreements.

Further, similar to the assignments involving PAM and Drums, on September 28, 2015, Shukla executed a separate assignment transferring to plaintiff all of her rights, title, and interest in and to the debt under the APM Transaction Documents. (Doc. 22-9).

In November 2015, it was determined that the March 2015 Payment should have been applied only to satisfy the APM purchase price and should not have been applied to any of the debts owed to Shukla under the PAM and

---

[4]The PAM Transaction Documents, the Drums Transaction Documents and the APM Transaction Documents are collectively referred to as the "2009 Agreements."

Drums Transaction Documents. Thus, APM had satisfied its obligations under the APM Transaction Documents and thus APM was not named in this action.

However, since no portion of the March 2015 Payment had been made regarding either PAM or Drums, and defendants failed to make any payment towards the PAM purchase price ($1,300,000) and Drums purchase price ($325,000), Shukla and plaintiff agreed on December 11, 2015, that Shukla would execute Amended and Supplemental Assignments of Stock Purchase Agreements and Promissory Notes (the "Amended Assignments") with respect to the PAM and Drums Transaction Documents. (Doc. 22-10, Doc. 22-11). The Amended Assignments were to alleviate any confusion regarding the application of the March 2015 Payment Shukla received.

## III.   MOTION TO DISMISS STANDARD UNDER RULES 12(B)(7) AND 19

Defendants' motion is filed pursuant to Fed.R.Civ.P. 12(b)(7) and 19. Under Rule 12(b)(7), a complaint can be dismissed for "failure to join a party under Rule 19." Rule 19 "specifies the circumstances in which the joinder of a particular party is compulsory." Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). The court "first must determine whether the absent [persons] should be joined as 'necessary' parties under Rule 19(a)." Id. "Compulsory joinder is an exception to the general rule that the plaintiff has the right to choose whom to sue." Polygon U.S. Corp. v. Diversified Info. Tech., 2012 WL 5379168, *3 (M.D.Pa. Oct. 31, 2012). "Rule 19 promulgates

the considerations a court must undertake to properly ascertain whether a party's joinder is necessary, and empowers the court to order such action be taken if feasible." Id. (citations omitted).

Rule 19(a) states in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"Federal Rules of Civil Procedure 12(b)(7) and 19, acting in conjunction, allow a court to dismiss a case for failure to join a party in whose absence the court cannot accord complete relief, or whose interest in the dispute is of such a nature that to proceed without their presence could prejudice that party or others." Polygon, 2012 WL 5379168, *4. "The moving party bears the burden to show that dismissal is proper." Id. (citing Disabled in Action v. Se. Pa. Transp. Auth., 635 F.3d 87, 97 (3d Cir. 2011)).

Even though the court considering a Rule 12(b)(7) motion must accept the allegations in the complaint as true and all reasonable inferences must be drawn in favor of the non-moving party, see Pittsburgh Logistics Sys., Inc., 669 F.Supp.2d at 618, "a court deciding a Rule 12(b)(7) motion 'may consider relevant, extra-pleading evidence.'" Polygon, 2012 WL 5379168, *4 (citations

8

omitted).

## IV.    DISCUSSION

Defendants contend that Shukla and Rattan are necessary parties whose joinder is feasible and that plaintiff should be required to join them as parties. Defendants argue that questions exist as to whether Shukla previously assigned the Transaction Documents to her nephew, Balvinder S. Rattan ("Rattan"), and whether Shukla assigned the documents to plaintiff in order to satisfy Rattan's debts owed to plaintiff instead of her own debts she owed to plaintiff. Thus, defendants maintain that Shukla and Rattan both have an arguable interest in the Transaction Documents and, therefore, are necessary parties to this action.

Plaintiff argues that defendants conceded that they executed the stock purchase agreements and promissory notes obligating them to make payments totaling $1,625,000 to non-party Shukla, and that they failed to make any payment under those instruments. He alleges that since defendants do not have any defense to liability or damages under the Transaction Documents, they now seek to delay judgment in their present motion by creating a question of fact regarding to whom they are indebted. Plaintiff states that Shukla assigned all of her rights, title and interest in the Transaction Documents to him and that the validity of those assignments is clear. In fact, plaintiff states that defendants admit that, "[t]o date, no

9

payments have been made to Mrs. Shukla under the Transaction Documents." (Affidavit of Amarjit S. Grewal, Doc. 16-1).[5] Plaintiff's exhibits show that with respect to each of the assignments, the term "Debt" was defined to mean the outstanding principal amount due under the respective 2009 Agreements. It was neither plaintiff's nor Shukla's intent that Shukla would retain any interest in, or rights to, the 2009 Agreements. As support, plaintiff points to the Declarations of Shukla, (Doc. 22), and Rattan, (Doc. 23) as well as his own Declaration, (Doc. 26), which he states demonstrate that the right to payment under the PAM and Drums Transaction Documents is his sole and exclusive property, and that he is owed $1,625,000 from defendants. Therefore, he argues that defendants' motion should be denied in its entirety.

In a case based upon diversity jurisdiction, 28 U.S.C. §1332, "the question of joinder is one of federal law." Gen. Refractories Co., 500 F.3d at 321 (citation omitted). "State law, however, is not wholly irrelevant to the court's analysis." Id. (citing Shetter v. Amerada Hess Corp., 14 F.3d 934, 937 (3d Cir. 1994) (noting "state law may provide assistance in determining the interests of the party in question")). The Pennsylvania Supreme Court has stated that "[a]n assignment is a transfer of property or some other right from one person to another, and unless in some way qualified, it extinguishes the

---

[5]Amarjit S. Grewal ("Amarjit") is the husband of Darshan K. Grewal. Darshan is a shareholder in PAM and Drums. She is also the president of both companies. Amarjit is neither a shareholder nor an officer of the companies.

assignor's right to performance by the obligor and transfers that right to the assignee." Employers Ins. of Wausau v. Com., Dep't of Transp., 865 A.2d 825, 830 (Pa. 2005) (citations omitted). "The right to receive money due or to become due is generally assignable." Id. (citation omitted). "An assignment will ordinarily be construed in accordance with the rules of construction governing contracts and the circumstances surrounding the execution of the assignment document." Id. at 831 (citations omitted).

Under Pennsylvania law, if there is an effective assignment, "the assignee stands in the shoes of the assignor and assumes all of his rights." Smith v. Cumberland Group, Ltd., 455 Pa.Super. 276, 687 A. 2d 1167, 1172 (Pa.Super. 1997). The court does not find any dispute that the assignments of Shukla to plaintiff were effective assignments. The intent of Shukla and plaintiff were also clear in the assignments and, coupled with the Declarations plaintiff submitted, the evidence shows that Shukla intended to assign all of the rights she had in the Transaction Documents to plaintiff. Thus, plaintiff stands in the shoes of Shukla and assumes all of her rights in the Transaction Documents.

The court also finds that the Amended Assignments indicate that they were made "for valuable consideration, the receipt and sufficiency of which are hereby acknowledged." (Doc. 22, Exs. 10 & 11). Also, Declarations of Shukla and Mikail establish that the assignments were in exchange for cash and other consideration. (Doc. 22, ¶44;  Doc. 26, ¶3). Therefore, there is no

merit to defendants' contention that Shukla did not receive any consideration for the assignments.

The court finds that the exhibits submitted by the parties together with the Affidavits and Declarations show that Shukla and Rattan are not necessary and indispensable parties to this action. Defendants argue, based on the affidavits they submitted, including Amarjit's, that before the assignments to plaintiff, Shukla "transferred what rights she had under the Transaction Documents to Mr. Rattan" (Doc. 16-1, ¶16), and that "[Shukla] had been paid in full by Mr. Rattan for these rights." Defendants also allege that Rattan indicated that "the interest due under the Transaction Documents had been transferred/assigned to [plaintiff] … to repay, in part, debts owed by Mr. Rattan to [plaintiff]." (Id., ¶19). Defendants further allege that "Rattan has often represented himself to be Shukla's attorney in fact under a durable power of attorney." (Doc. 16, ¶21).

However, in their Declarations, both Shukla and Rattan deny defendants' allegations. (Doc. 22, ¶'s 42-45, 57-58; Doc. 23, ¶'s 4-9). Additionally, Shukla and Rattan both deny having any interest in the Transaction Documents. (Doc. 22, ¶63; Doc. 23, ¶12). Moreover, Shukla and Rattan do not claim a legally protected interest relating to the subject matter of this case. In fact, on December 7, 2015, after defendants were served with the complaint in this case, Amarjit and defendants' counsel, James Mangan, Esq., left phone messages for Shukla to try and settle with her. On this same

day, Shukla emailed Amarjit, (Doc. 22, Ex. 12), and stated:

> The debt which was owed on the sale of the truck stops (PAM Management Inc, DRUM Truck Stop and A[PM] [M]anagement Inc[.]) has been legally assigned and is now the property of Mr Samuel Mikail. I have no legal recourse to the debts. Therefore it is futile for you to offer any deals by giving your shares in PAM or land at Drum direct to me as way of repaying the remaining debt as sale of the truck stops. The offer to resolve the debt issue should be directed to Mr Samuel Mikail and his lawyers and [I] am sure he would listen to any proposals on the repayment…. Further my nephews should not be involved to deal on my behalf regarding my financial affairs or otherwise.

Further, the court finds that the exhibits do not support defendants' contentions, based on hearsay contained in Amarjit's Affidavit, that all of Shukla's rights under the Transaction Documents were assigned to Rattan sometime prior to July 2015, and that Shukla had been "paid in full" for these rights. (Doc. 16-1,¶'s 16, 18). In fact, the terms of the Amended Assignments (Doc. 22, Exs. 10 & 11), substantiate Shukla's representations to defendants that, "[the Transaction Documents have] been legally assigned and [are] now the property of [plaintiff]," and that "[she has] no legal recourse to the debts." (Id., Ex. 12). The court finds no merit to defendants' contention that Shukla and Rattan may have an interest in the Transaction Documents. This contention is based purely on hearsay and speculation. There is no admissible evidence in the record to show that Shukla assigned the Transaction Documents to plaintiff in order to satisfy debts Rattan owed to plaintiff. Nor is there anything in the record to show that Shukla had assigned the Transaction Documents to Rattan before she assigned them to plaintiff

13

and that defendants could be subject to a future lawsuit by Rattan. Thus,

defendants have failed to meet their burden.

As plaintiff points out in his brief, (Doc. 25, at 12), the Declarations of

Shukla and Rattan aver that:

> (I) the Transaction Documents were never assigned to Rattan
> (Shukla Dec. [Doc. 22] ¶58; Rattan Dec. [Doc. 23] ¶4); (ii) Rattan
> does not have, nor did he ever have, any interest or rights to the
> Transaction Documents (Shukla Dec. ¶58; Rattan Dec. ¶5); (iii)
> the Transaction Documents were assigned to Plaintiff by Shukla
> to satisfy Shukla's debts to Plaintiff, not Rattan's [debts to plaintiff]
> (Shukla Dec. ¶45; Rattan Dec. ¶9; Mikail Dec. ¶4); (iv) any and all
> rights to payment under Transaction Documents are the sole and
> exclusive property of Plaintiff (Shukla Dec. ¶61; Rattan Dec. ¶10);
> and (v) to the extent Defendants allege that Shukla and Rattan
> have any rights to the Transaction Documents, both agree to be
> bound by the outcome of this case, and, if necessary, will execute
> stipulations with Defendants barring them from bringing any future
> claims against Defendants on the Transaction Documents.
> (Shukla Dec. ¶64; Rattan Dec. ¶13).

As such, the court finds that this case can proceed without Shukla and

Rattan, and that this will pose no risk of double or multiple liability for

defendants. The court finds that Shukla and Rattan have no contractual or

legal claim with respect to the instant Transaction Documents. Plaintiff has

established that he has the only legal claim to payment under the Transaction

Documents. Thus, this litigation will not expose defendants to multiple or

inconsistent judgments because of Shukla's and Rattan's absence. Complete

relief can be granted to plaintiff and defendants in this case. *See* Angst v.

Royal Maccabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir. 1996)

("Completeness is determined on the basis of those persons who are already

14

parties, and not as between a party and the absent person whose joinder is sought."). Therefore, the court finds that Shukla and Rattan should not be joined as "necessary" parties under Rule 19(a). As such, the court's inquiry ends without having to determine whether the absent persons are "indispensable" under Rule 19(b).

## V.    CONCLUSION

Defendants' motion to dismiss for failure to join an indispensable party, (Doc. 16), shall be denied in its entirety. An appropriate order shall be issued.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Date: August 23, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2437-01.wpd